**Charlie JOBE et al., Appellant,**

**v.**

**INTERNATIONAL SERVICE INSURANCE COMPANY et al., Appellees.**

**No. 5065.**

Court of Civil Appeals of Texas, Waco.

Nov. 11, 1971.

Rehearing Denied Dec. 16, 1971.

G. Stanley Rentz, Waco, for appellants.

Naman, Howell, Smith & Chase, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Jobe and Corby from judgment reducing their recovery from appellee Insurance Companies, and involves construction of uninsured motorist provisions of liability insurance policies issued to appellants by appellees.

Appellants were pedestrians, and were injured when automobiles driven by Goss and Amunson collided. The Goss car was insured by Allstate with $10,000/$20,000 liability coverage. Amunson was uninsured. Appellants had policies with appellee insurance companies.

Appellants sued Goss and Amunson for their injuries, and sued appellee insurance companies under the uninsured motorist provisions of their policies.

Jobe recovered judgment for $61,175 against Goss and Amunson jointly and severally; Corby recovered judgment for $25,494 against Goss and Amunson jointly and severally.

Jobe recovered judgment against appellee International for $10,000 (less $1000 medical payments not in controversy), the judgment providing it be reduced by all sums paid to Jobe, by or on behalf of Goss and/or Amunson; and further that if International pays the judgment against it to Jobe, that any amounts thereafter paid Jobe by or on behalf of Goss and/or Amunson shall be held in trust for International.

Corby recovered judgment against appellee Agricultural for $10,000 (less $500 medical payments not in controversy), the judgment providing it be reduced by all sums paid to Corby by or on behalf of Goss and/or Amunson; and further that if Agricultural pays the judgment against it to Corby, that any amounts thereafter paid Corby by or on behalf of Goss and/or Amunson shall be held in trust for Agricultural.

Allstate thereafter paid Jobe and Corby $10,000 each (less a small amount not in controversy) as its liability on the Goss car.

■ Appellants appeal contending the trial court erred in allowing appellees to reduce from the judgment against them, sums paid to appellants by or on behalf of Goss and Amunson in satisfaction or discharge of appellant's judgment against Goss or Amunson.

The policies issued appellants are almost identical and provide liability limits of $10,000 for each person, and $20,000 for each accident; and further:

"* * The Company will pay all sums which the insured * * shall be legally entitled to recover as damages from the owner * * of an uninsured automobile * * *.

"b) *Any amount payable* under the terms of this endorsement * * * *shall be reduced by*

1) *All sums paid on account of bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury * * *.*

"9. Trust Agreement. In the event of payment to any person under this endorsement: a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made * *".

The foregoing policy provision is specifically authorized and sanctioned by Section 3, Article 5.06–1 of the Insurance Code, V.A.T.S.

Jobe recovered $61,175 judgment against Goss and Amunson, jointly and severally;

and Corby recovered $25,495 judgment against Goss and Amunson, jointly and severally. Goss had $20,000 liability insurance; Amunson was uninsured. Goss' insurance carrier paid Jobe and Corby $10,000 each. Nothing has been paid by or on behalf of Amunson.

Appellees' policies provide that they would pay appellant's damages legally recoverable from an uninsured and that any amount so payable "shall be reduced" by all sums paid on behalf of (i) the owner of the uninsured automobile and (ii) any other person jointly or severally liable together with such owner.

Allstate paid on behalf of Goss who was jointly and severally liable with the uninsured. Thus under the policy appellees had the right to reduce their liability in the amount of the sums paid.

And appellees are entitled to the extent of their payment, under the "Trust Agreement" provision of the policies, to the proceeds of settlement of any person legally responsible, because of which such payment was made. The payment was made on behalf of Goss, and Goss is jointly and severally liable with Amunson.

■ Contracts of insurance are to be strictly construed in favor of the insured, but this does not affect the rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given as will carry out the stated intention of the parties. American-Amicable Life Ins. Co. v. Lawson, Tex., 419 S.W.2d 823; Royal Indemnity Co. v. Marshall, Tex., 388 S.W.2d 176.

We think the language of the contract is plain and must be enforced as made. Republic Nat. Life Ins. Co. v. Spillars, Tex., 368 S.W.2d 92.

Appellant's points and contentions are overruled.

Affirmed.