Cornell JESSIE, Appellant,

v.

**SECURITY MUTUAL CASUALTY COMPANY, Appellee.**

No. 17353.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 17, 1972.

Rehearing Denied Dec. 15, 1972.

N. Michael Kensel and Lowell E. Dushman, Fort Worth, for appellant.

Hudson, Keltner, Smith & Cunningham and Joe Bruce Cunningham, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

The defendant, Security Mutual Casualty Company, had issued to the plaintiff, Cornell Jessie, a policy of automobile insurance that provided for uninsured motorist coverage. In June, 1969, the plaintiff, while driving his own automobile, was involved in a collision with two other automobiles. One of those cars was being driven by an insured motorist named Hugh Errol Warren and the other car was being driven by an uninsured motorist named Sammie Lee Gardner. The plaintiff sustained damages in the wreck and thereafter sued the insured motorist, Hugh Errol

Warren, for damages and in the same suit alleged that Gardner was uninsured and sought to recover from his own insurance company, the defendant herein, under the uninsured motorist coverage provided for in the policy. Plaintiff alleged that the collision in question was proximately caused by the negligence of both Hugh Errol Warren and Sammie Lee Gardner, and he sought to recover a joint and several judgment against Warren and the defendant Insurance Company.

Prior to trial the plaintiff entered into a compromise settlement agreement with Hugh Errol Warren without the consent of the insurer and Warren was dismissed from the case. The other defendant, Security Mutual Casualty Company, then filed its motion for summary judgment based on the ground that plaintiff, in violation of a policy provision, settled with Warren without the consent of the insurer and claimed that for this reason the insurer is not liable.

The trial court sustained that motion for summary judgment, decreeing that plaintiff take nothing by his suit, and plaintiff is here appealing.

█ The statements made in appellant's brief substantiate what we have stated above and, since appellee has not challenged them, we accept those facts as being correct. Rule 419, Texas Rules of Civil Procedure.

Defendant's insurance policy contained the following provision:

"Exclusions. This policy does not apply under Part IV:

"(a) . . .

"(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor; . . . ."

Part IV of the policy is the part that provides the uninsured motorist coverage.

The plaintiff's sole point of error on this appeal is to the effect that the trial court erred in rendering the summary judgment because the settlement in question did not render the uninsured motorist coverage provided for by the policy ineffective.

█ Plaintiff makes three contentions under this broad general point. He first contends that the proper construction to be given the clause in question is: The language of the policy means that the settlement forbidden by the clause is one made by the insured with a person legally liable for injuries caused by accident arising out of ownership or use of the "uninsured" car. Therefore the exclusion clause does not prohibit a settlement with a joint tortfeasor liable for injuries arising out of the ownership or use of his own insured car.

We overrule plaintiff's contention above mentioned.

It is true that there are out-of-state cases supporting the view that is urged by plaintiff. See on this Michigan Mutual Liability Company v. Karsten, 13 Mich. App. 46, 163 N.W.2d 670 (1968). This is the case relied upon by plaintiff.

However, Texas courts that have considered the question have held just the opposite to the holding in the Karsten case. In the case of Grissom v. Southern Farm Bureau Casualty Ins. Co., 476 S.W.2d 448 (Waco Tex.Civ.App., 1972, ref., n.r.e.) the same question that is involved here was before that court. That court said at page 450: "No written consent of Southern Farm was obtained by the Grissoms before settlement was made between the Grissoms . . . and Westchester and Lee (who was an insured motorist) . . . . Under the plain and clear provisions of this uninsured motorist coverage, if the insured elects to make a settlement with one of the other parties (who may be legally liable),

without the written consent of Southern Farm, then this coverage does not apply.
" . . .

"In the case at bar, . . . the language . . . is plain and must be enforced as made. Republic National Life Ins. Co. v. Spillars (Sup.Ct. 1963) 368 S. W.2d 92."

The Waco Court held that the exclusion clause in question applies to settlements made with any person who may be legally liable for damages for the bodily injuries involved and that such clause is not applicable to just those settlements made with persons responsible for the operation of the uninsured car.

The trial court in that case had held that the clause in question was valid and that by its clear terms the insurer was relieved from liability when the insured made the settlement "with one who may be legally liable therefor."

We are convinced that the Waco Court's holding is correct and we follow it here. The Supreme Court's ruling in that case was "Writ refused, no reversible error." Had the Waco Court erred by incorrectly construing the clause and had its holding that the clause is valid and enforceable been error, such errors would of necessity be reversible error because the result of them would be to let the wrong person win.

For other cases holding as does the Grissom case, supra, see Annotation in 25 A.L. R.3d 1275, especially under Sec. 4(c), at page 1287. See also "A Guide to Uninsured Motorist Coverage" by Widiss, Sec. 5.10.

■ Plaintiff's second contention made under his point of error is that the clause in question is unreasonable and violates public policy and is therefore not enforceable.

We overrule this contention.

The Annotation in 25 A.L.R.3d 1275, Sec. 3, shows that there are two lines of cases on this point. The great weight of authority holds the clause involved here to be valid and enforceable. As is shown by the Grissom case, supra, Texas is in line with the weight of authority on this point.

■ Plaintiff's third contention under his single general point is that the provision in question relating to a settlement made without consent of the insurer is in fatal variance with the provisions of Art. 5.06–1 of the Insurance Code, V.A.T.S., in that it permits the insurer to devise a limitation under which the payment provided for by the uninsured motorist provision of the policy that is required to be in automobile insurance policies by the statute can be avoided.

We overrule this third contention also.

The parties stipulated that the insurance policy in question was the standard Texas family combination automobile policy promulgated by the State Board of Insurance of Texas at the time the policy was issued to plaintiff, and that the form of the policy had been approved by the State Board of Insurance prior to its issuance.

Article 5.06–1 of the Insurance Code provides in substance that no automobile liability insurance policy covering liability arising out of the ownership, maintenance or use of a car shall be delivered or issued in Texas unless it provides coverage (in certain limits), under provisions prescribed by the Board, for the protection of the insured therein who is legally entitled to recover damages from owners or operators of uninsured cars because of bodily injury (etc.) resulting therefrom.

The same statute, Art. 5.06–1, Sec. (3), provides further:

"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exer-

cise of any rights of recovery of such person against any person . . . . legally responsible for the bodily injury, (etc.) . . . ."

The insurance policy in question provided that the insurer would pay the plaintiff's damages for bodily injuries that were legally recoverable by him from an uninsured and that any amount so payable shall be reduced by all sums paid to the insured on behalf of (1) the uninsured motorist and (2) any other person jointly or severally liable with the uninsured motorist for such bodily injuries.

The "trust agreement" provision of the policy provided in substance that if a payment was made to any person that the insurer was entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person legally responsible for the bodily injury because of which such payment is made.

The trust provisions further provided that the insured shall hold in trust for the benefit of the insurer all rights of recovery that he might have against another person for damages that are the subject of claim made under this part, and that the insured shall do nothing after loss that would prejudice these rights.

These policy provisions providing for recoupment by the insurer of its losses under the policy are authorized by Sec. (3), Art. 5.06–1 of the Insurance Code, V.A.T.S. See Jobe v. International Service Insurance Company, 474 S.W.2d 11 (Waco Tex.Civ.App., 1971, ref., n.r.e.).

Texas courts hold that the provisions of the policy providing for subrogation and for recoupment by the insurer of sums that it pays out under the uninsured motorist coverage of the policy are not invalid as being in conflict with, in derogation of, and incompatible with the provisions of Art. 5.06–1. See Jobe v. International Service Insurance Company, supra, and

Traders & General Insurance Company v. Reynolds, 477 S.W.2d 937 (Texarkana Tex.Civ.App., 1972, ref., n.r.e.).

It is true that Art. 5.06–1 does not specifically say that there will be no coverage in the event of a settlement such as the one involved here, but this result must follow, as is provided for in the heretofore quoted exclusion in the policy, where the plaintiff (insured) by his own conduct in settling with the joint tortfeasor, Warren, without the insurer's consent, has deprived the insurance company of the valuable right of recoupment that was given him by the statute and by the insurance policy being sued upon.

We are convinced that the exclusion clause involved here is not invalid for the reasons urged by plaintiff. See cases listed under "Uninsured Motorist Clause—Settlement", 25 A.L.R.3d 1281, Sec. 3(a).

The judgment is affirmed.