**Lorenzo GARCIA, Jr. and Dolores M. Saenz, Appellants,**

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, a corporation, Appellee.**

**No. 6260.**

Court of Civil Appeals of Texas, El Paso.

Jan. 17, 1973.

Rehearing Denied Feb. 14, 1973.

Yetter, Johnson & Allen, Richard Yetter, El Paso, for appellants.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, John A. Grambling, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a summary judgment granted Appellee on the basis of an uninsured motorist provision contained in a policy issued by Appellee to Appellant, Lorenzo Garcia, Jr.

Appellant Garcia was the driver of an automobile in which Appellant Saenz was a passenger. The Garcia automobile was involved in a collision with an uninsured motorist. Appellants subsequently brought suit on the uninsured motorist endorsement contained in Appellee's policy. The policy in issue was one which is commonly called a "non-owners" policy, and under its provisions, relating to uninsured motorist coverage, it had the following exclusion:

"This endorsement does not apply: . . . to bodily injury to an insured while occupying an automobile owned by the named insured or any relative resident in the same household, or through being struck by such an automobile."

The policy also defined an "Insured" as being any other person while occupying an insured automobile. This provision made Appellant Saenz an "insured," and, as

noted, Appellant Lorenzo Garcia, Jr. was the named insured on the policy.

At the time of the accident, the automobile involved was owned by Lorenzo Garcia, who was the father of Lorenzo Garcia, Jr., and they were both residents of the same household. Thus, the exclusion applies, and it was the basis of the trial Court's summary judgment.

Appellants, by argument under their single point of error, contend that the exclusion is void as against public policy as declared by the legislature in the enactment of Art. 5.06–1, Insurance Code, V.A.T.C.S., which provides that automobile liability policies shall contain uninsured motorist coverage.

Until recently there had been no Texas decisions on this particular question, but since the submission of this case, the Beaumont Court of Civil Appeals has decided the case of Stagg v. Travelers Insurance Company, 486 S.W.2d 399 (1972, n. w. h.), which deals with virtually the same exclusion and policy provisions as this case. It was held that the exclusion was not void as an improper restriction on coverage. In a well reasoned opinion by Justice Keith numerous decisions by the Courts of other States were reviewed, and we will not repeat them here. That Court noted that there is no language in the Texas Statute, Art. 5.06–1, supra, which prohibits the exclusionary language at issue. To that we would add that Art. 5.06–1 also provides that the coverage which it requires shall not be applicable where the named insured rejects such coverage, nor shall it be applicable to renewals of policies not containing it unless the insured request such coverage in writing. Thus, the coverage is not absolute and an insured is given an election. It would seem to follow that it would not be against public policy to write a policy which did not contain such coverage. We concur in the holding in the above cited case, Stagg v. Travelers Insurance Company, and applying the law there pronounced to this case, we hold that the exclu-

sion was not void as an improper restriction of coverage and against public policy.

The assignment of error is overruled, and the judgment of the trial Court is affirmed.