**John T. STEPHENS, Plaintiff-Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.**

**No. 74–1770.**

United States Court of Appeals, Fifth Circuit.

March 5, 1975.

Louis E. McCarter, Houston, Tex., for defendant-appellant.

David A. Gibson, Houston, Tex., for plaintiff-appellee.

Before RIVES, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

This is a diversity case. The applicable law is that of the State of Texas. Uninsured motorist coverage is the subject of our inquiry.

On December 7, 1969, Mr. and Mrs. John T. Stephens, while riding in a car owned and being driven by Mrs. Stephens, were involved in an accident with an uninsured motorist. As a result of the accident, which was the fault of the uninsured motorist, Mrs. Stephens was killed and Mr. Stephens severely injured. The court below found that Mr. and Mrs. Stephens each sustained personal injuries and damages in excess of $20,000.

Mr. and Mrs. Stephens had been married for only nine days when this tragedy occurred. At the time of the accident

the car in which they were riding, Mrs. Stephens' car, was insured by Royal Indemnity Company (Royal). The policy, procured by Mrs. Stephens in her maiden name, was a standard Texas automobile insurance policy carrying an uninsured motorist endorsement. Mr. Stephens also owned a car. His was insured by the appellant, State Farm Mutual Automobile Insurance Company (State Farm). The State Farm policy, like the Royal policy, was a standard Texas automobile insurance policy carrying the same uninsured motorist endorsement. Limits of recovery under the uninsured motorist provisions of each policy were identical: $10,000 per person, $20,000 per occurrence. These figures represent the Texas minimums.

Mr. Stephens, on behalf of himself and as the personal representative of Mrs. Stephens, brought suit against both Royal and State Farm in July of 1971. At that time State Farm denied all liability, pleading, "That State Farm Insurance Company's policy had no application and it is so specifically prayed." Later, on May 1, 1972, Stephens settled with Royal for $20,000—the full recovery limit of its policy. This settlement, it is stipulated and the court found,[1] was made without the written consent of State Farm. At this point Royal was dropped from the suit, and Stephens proceeded against State Farm alone. State Farm, after amending its original answer twice, eventually defended on three grounds; all, basically, that certain provisions of its policy precluded recovery by either Stephens individually or by Stephens as representative of Mrs. Stephens. The trial court held none of State Farm's defenses applicable and awarded judgment for $20,000 to Stephens, $10,000 individually and $10,000 as the representative of Mrs. Stephens.

State Farm's first line of defense was and remains that Stephens is barred from recovery against it because he settled with Royal without written consent. His action, according to State Farm, relieved it of all liability by virtue of the plain language of the following contract clause:

> Exclusions. This policy does not apply under Part IV:
>
> (b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the Company, make any settlement with any person or organization who may be legally liable therefor;

■ The Texas courts have upheld the validity and legitimacy of this particular exclusion from uninsured motorist coverage, Magness v. State Farm Insurance Co., No. 1093 (Tex.Civ.App.—Houston [14th Dist.], filed Dec. 18, 1974, writ history unavailable); Jessie v. Security Mutual Casualty Co., 488 S.W.2d 140 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.); Grissom v. Southern Farm Bureau Casualty Insurance Co., 476 S.W.2d 448 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.). Such a clause is enforceable for the reason that it serves " . . . to protect the company's subrogation rights against the uninsured motorist or any other person legally responsible for the insured's injuries." Dairyland County Mutual Insurance Co. of Texas v. Roman, 498 S.W.2d 154, 159 (Tex.1973). Stephens, however, does not claim that this particular clause is invalid in the abstract. Rather, he questions its applicability to the facts of this particular case. It is his contention (1) that his settlement with Royal at the

---

1. Although it is not listed among the findings of fact, it is apparent that the trial court did find that Stephens settled with Royal without State Farm's written consent since its first conclusion of law was:

The fact that JOHN T. STEPHENS settled without the written consent of STATE

FARM under the facts of this case does not preclude any additional recovery against STATE FARM by JOHN T. STEPHENS individually or in his capacity as surviving husband and legal representative of ANN MEYER STEPHENS as provided by the policy.

full recovery limit of its policy did nothing to impair the subrogation rights of State Farm and therefore cannot be considered a settlement within the meaning of the clause as interpreted by the Texas courts and (2) that, at any rate, State Farm waived [2] the consent requirement by denying liability prior to his settlement with Royal. Since we are of the opinion that the consent requirement was waived, we do not pass upon the alternate ground.[3]

There are no Texas cases passing directly upon the problem of whether, by denying liability under an uninsured motorist policy, the insurer waives its rights under the consent clause. The issue was apparently not raised in *Magness, Jessie* or *Grissom*, and there is no language in any of these cases which gives a clue as to how the problem would have been disposed of had it been argued. But even absent guidance, we are *Erie*-bound to apply Texas law. This, of course, requires the always-dangerous undertaking of predicting what Texas courts would hold if the issue were presented squarely to them. We predict, based on reason and out-of-state authority, that they would hold that a denial of coverage waives the consent clause. This has been the holding of the courts of New York, Alabama, South Carolina and California, Vanguard Ins. Co. v. Polchlopek, 18 N.Y.2d 376, 275 N.Y.S.2d 515, 520, 222 N.E.2d 383 (1966); Employers National Insurance Co. v. Parker, 286 Ala. 42, 236 So.2d 699 (1970); Childs v. Allstate Ins. Co., 237 S.C. 455, 117 S.E.2d 867 (1961); Calhoun v. State

Farm Mutual Automobile Ins. Co., 254 Cal.App.2d 407, 62 Cal.Rptr. 177 (1967), and probably of Rhode Island and New Hampshire, Pickering v. American Employers Insurance Co., 109 R.I. 143, 282 A.2d 584 (1971); Gay v. Preferred Risk Mutual Insurance Co., 314 A.2d 644 (N.H.1974). *See* Annot., 25 A.L.R.3d 1275, 1291–92 (1969).[4] The rationale behind holding to this particular waiver theory is that a claimant should not be required to approach his insurer, hat in hand, and request consent to settle with another when he has already been told, in essence, that the insurer is not concerned, and he is to go his way. It is difficult to see why an insurer should be allowed, on the one hand, to deny liability and thus, in the eyes of the insured, breach his contract and, at the same time, on the other hand, be allowed to insist that the insured honor all his contractual commitments. When the denied liability does not, in fact, exist, no harm can be done the insurer by the insured's settlement with a third party. When the denied liability does exist (as may be later adjudicated), admittedly the subrogation rights of the insurer could be compromised by settlement. However, in the case of existent, denied liability, the denial is a breach of contract on the part of the insurer and its breach should, by rights, relieve the insured of the punitive effects of his failure to comply with consent provisions of the insurance policy. We believe that Texas would so hold.

State Farm's second line of defense is an exclusion in its policy which reads:

nothing to impair subrogation rights. He amplifies his argument by pointing out that, under the circumstances, State Farm could not have withheld consent because to have done so would have been arbitrary and capricious. Opposed to his interpretation of the state of the law of Texas is *Magness, supra,* in which an unconsented-to settlement for the full policy limits was held to bar action against the non-consenting insurance company.

---

2. State Farm has suggested that we ignore Stephens' waiver argument because waiver was never pleaded. We note that waiver was mentioned as one of the issues in the pre-trial order. It was briefed and argued below. Under such circumstances, the issue was tried by implied consent. F.R.Civ.P. 15(b).

3. Stephens' argument on the alternate ground, and it is plausible, is that the language of *Dairyland Mutual, supra* at pp. 159–60, indicates that the Supreme Court of Texas would hold that a settlement for the full policy limits is not a settlement within the meaning of the clause under discussion because it does

4. We have encountered no case which has specifically held that a denial of liability does *not* waive an insurer's rights under the consent clause.

Exclusions. This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;

According to the policy, " 'named insured' means the individual named in Item 2 of the declaration [John T. Stephens] and also includes his spouse, if a resident of the same household." Under Part IV, an " 'insured automobile' means: (a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded. . . ." Specifically excluded is "any automobile . . . owned by a resident of the same household as the named insured." State Farm argues that the above quoted exclusion and explanatory definitions clearly and unambiguously preclude Mr. Stephens from recovering under his policy on behalf of himself or as the representative of Mrs. Stephens, since both were insureds and both were riding in an uninsured (by State Farm) automobile owned by the named insured (Mrs. Stephens being included as a named insured). We agree that the language on its face (although not with unabashed candor) precludes recovery; however, we hold that, under Texas law, on the facts of this case, the exclusion is an invalid restriction of coverage.

■ As we read the Texas cases, there is one key to determining whether a particular exclusionary provision in an uninsured motorist policy is valid or invalid. This is whether the invocation of the exclusion would, under circumstances of the particular case under consideration, operate to deprive an insured of the protection required by the Texas Uninsured Motorist Statute.[5] Westchester Fire Insurance Co. v. Tucker, 512 S.W.2d 679, 685 (Tex.1974). Although two Tex-

as intermediate courts have upheld the exclusion under discussion, Garcia v. Southern Farm Bureau Casualty Insurance Co., 490 S.W.2d 616 (Tex.Civ.App.— El Paso 1973, no writ); Stagg v. Travelers Insurance Co., 486 S.W.2d 399 (Tex. Civ.App.—Beaumont 1972, no writ), the Texas Supreme Court has, in dictum, rejected it or at least severely restricted its permissible scope. Tucker, supra, 512 S.W.2d at 684–85, 686–87.[6] See Jones, Uninsured Motorist, An Overall View, 37 T.B.J. 933, 942 (1974). We conclude from a close reading of Tucker and of an even more recent case, American Motorists Insurance Co. v. Briggs, 514 S.W.2d 233 (Tex.1974), that the Texas Supreme Court would, if confronted with the issue, overrule both Garcia and Stagg, at least insofar as they stand for the proposition that the exclusion under consideration can be invoked by an insurance company to oust an insured from recovery simply because he was injured while riding in an uninsured but owned automobile. This seems to be the clear import of the following language of the Supreme Court of Texas in its discussion of Tucker on motion for rehearing:

As stated in our original opinion, we have concluded that the policy exclusion of injuries sustained by an insured while occupying an owned but unscheduled vehicle is ineffectual to the extent that it deprives a person of coverage required by Article 5.06–1 of the Insurance Code, V.A.T.S. The plaintiffs in both cases say that in view of this holding, there is no consideration for the increased premium charge made for including an additional automobile in the policy except the protection afforded "nonrelatives" while occupying the additional vehicle. From this premise it is argued that the additional premium charge is grossly excessive or that the protection received therefor is grossly inadequate. That may well be so, . . .. Tucker, supra, 512 S.W.2d at 686–687.

---

5. Tex.Ins.Code art. 5.06–1, V.A.T.S. (Supp. 1974).

6. Tucker, supra at 685, specifically disapproves any language in Stagg or Garcia inconsistent with its general holding.

█ State Farm urges that *Tucker* is inapplicable to the case at bar because here both Mr. and Mrs. Stephens were covered by the Royal policy. Thus, argues State Farm, the exclusion deprived neither of the minimum protection required by the Texas Uninsured Motorist Act. We are unpersuaded. In our view, *Tucker* and *Briggs* quite clearly hold that exclusionary clauses are invalid restrictions on coverage when they excuse the policy for which a premium has been paid from providing the minimum coverage required by the Texas Uninsured Motorist Statute. It is, therefore, immaterial whether the Stephens were covered by the Royal policy. The question is whether the exclusion in the State Farm policy, if invoked, would cause the coverage of that policy to be less than the minimum $10,000/$20,000. Here it clearly would. State Farm's argument is, in reality, little more than a disguised assault upon the type of stacking approved by the Texas Supreme Court in *American Liberty Insurance Co. v. Ranzau,* 481 S.W.2d 793 (Tex.1972) and recognized by this court in *Bogart v. Twin City Fire Insurance Co.,* 473 F.2d 619 (5th Cir. 1973).

State Farm's third line of defense is its "other insurance" clause:

Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not

be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereafter bears to the sum of the applicable limits of liability of this insurance and such other insurance.

*Ranzau* and *Briggs* preclude this purported exclusion from defeating Stephens' recovery on the State Farm policy, either personally or as the representative of Mrs. Stephens.

Affirmed.