Jo Carol McCLELLAND, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.

No. 7711.

Court of Civil Appeals of Texas, Beaumont.

June 19, 1975.

Rehearing Denied July 24, 1975.

Mark Z. Levbarg, Levbarg & Weeks, Austin, for appellant.

Michael A. Wash, McKay & Wash, Austin, for appellee.

STEPHENSON, Justice.

This is an appeal from a take nothing judgment in an action by a minor child against her mother's automobile insurance carrier. Other plaintiffs are the minor's mother and stepfather, also a named insured in the policy sued upon. The plaintiffs will be referred to here by name, and the defendant, United Services Automobile Association, as U.S.A.A. Trial was before the court upon stipulations.

The stipulations are, in substance, as follows:

1. Plaintiff, Jo Carol McClelland, was injured while riding as a passenger in the Charles Coulter automobile.

2. The Coulter automobile was in collision with an automobile driven by an uninsured motorist, whose negligence was a proximate cause of the collision.

3. All plaintiffs were damaged in the amount of $19,000.

4. The Coulter automobile was covered by a policy of insurance containing an uninsured motorist provision and written by Allstate Insurace Company.

5. All plaintiffs settled their claims with Allstate for $9,000 and gave full releases.

6. Such settlement was made without written consent from U.S.A.A.

7. Jo Carol McClelland's mother was one of the named insureds in an automobile policy written by U.S.A.A. containing an uninsured motorist provision.

8. Both the Allstate and U.S.A.A. polices had coverage referred to as the standard uninsured motorist coverage in the amount of $10,000/$20,000.

9. Jo Carol McClelland was insured under the uninsured motorist clause of both policies of insurance.

Plaintiffs' two points of error are that uninsured motorist coverage under the two policies of insurance is joint and several to the extent of plaintiffs' actual damages and that the policy provision in question is unauthorized by statute. These points are overruled.

U.S.A.A.'s defense in the trial court and here is that this claim is excluded by the provision in the policy sued upon, that the policy did not cover losses where a settlement had been made without its written consent. The statutory provision [Vernon's Tex.Ins.Code Ann. art. 5.06–1(3)] is as follows:

"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness or disease, or death for which such payment is made."

The provision in the policy reads as follows:

"Exclusions. This policy does not apply under Part IV:

"(b) [T]o bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor."

This case is controlled by *Grissom v. Southern Farm Bureau Casualty Ins. Co.*, 476 S.W.2d 448 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.). In the Grissom case, as in the case before us, the plaintiff was a passenger in an automobile which was in a collision with an uninsured motorist. There, also, plaintiff settled with the driver and the driver's insurance carrier, without the written consent of the carrier of the insurance upon plaintiff's own automobile. In Grissom, the trial court entered judgment for the insurance carrier, and on appeal the identical questions were raised as those facing this court. In a well-reasoned opinion, the appellate court held these provisions in the policy are plain and unambiguous and must be enforced as written.

In the case before us plaintiff made a settlement, without U.S.A.A.'s consent, with the driver of the automobile in which she was riding and his insurance carrier. Such settlement was with a "person or organization who may be legally liable."

The stipulation in the case before us was to the effect that the negligence of the driver of the uninsured motorist was a proximate cause of this collision. However, there is no stipulation that the driver of the car in which plaintiff was riding was not also negligent and his negligence a proximate cause of this collision. U.S.A.A. lost the right of subrogation against such driver, and we cannot say that was not a valuable right. See also *Jessie v. Security Mutual Casualty Company*, 488 S.W.2d 140 (Tex. Civ.App.—Ft. Worth 1972, writ ref'd n. r. e.).

Plaintiffs cite *Stephens v. State Farm Mut. Auto Ins. Co.*, 508 F.2d 1363 (5th Cir. 1975), in support of their position. In that case a similar situation existed as in the case before us, except an issue of waiver was before that court. That court turned its case solely on the issue of waiver, as indicated as follows:

"It is his [plaintiff's] contention (1) that his [plaintiff's] settlement with Royal at the full recovery limit of its policy did nothing to impair the subrogation rights of State Farm and therefore cannot be considered a settlement within the meaning of the clause as interpreted by the Texas courts and (2) that, at any rate, State Farm waived the consent require-

ment by denying liability prior to his settlement with Royal. Since we are of the opinion that the consent requirement was waived, we do not pass upon the alternate ground."

Affirmed.