James M. SMITH et ux., Appellants,

v.

CENTRAL MUTUAL INSURANCE COMPANY, Appellee.

No. 7965.

Court of Civil Appeals of Texas.

July 28, 1977.

Tom J. Swearingen, Port Arthur, for appellants.

Roger S. McCabe, Beaumont, for appellee.

KEITH, Justice.

In this uninsured motorist's case, plaintiffs appeal from a take nothing judgment rendered upon the insurer's motion for judgment non obstante veredicto. We affirm for the reasons now to be stated.

Mrs. Smith was operating the family car in a westerly direction on Gulfway Drive in Port Arthur when she turned left in the middle of the block across a double yellow stripe on the pavement. She was struck by an automobile owned by Ora Mitchell and

driven by her son, Byron Mitchell. At, and immediately prior to the collision, another car driven by Edward Harriell, III, was also traveling east on Gulfway Drive parallel to Mitchell's vehicle. Harriell's vehicle did not come in contact with either the Smith or Mitchell vehicles.

Plaintiffs sued Mitchell contending that he was guilty of various acts of negligence proximately causing the collision. They also sued Central Mutual Insurance Company alleging that their vehicle was covered by a liability policy issued by Central Mutual which contained an uninsured motorist clause; that the vehicle driven by Harriell was uninsured and that Harriell was guilty of various acts of negligence proximately causing her injuries and damages.

Subsequently, plaintiffs settled with the carrier for Mitchell receiving $9,000 for the execution of the release of liability as to Mitchell but reserving their rights against Central Mutual. A final judgment was then prepared severing plaintiffs' cause of action against the Mitchells from that against Central Mutual. This settlement was accomplished without the written consent of Central Mutual.

The insurer then immediately filed its amended answer setting up the policy defense that the settlement by the plaintiffs without Central's consent was in violation of the policy provisions and barred any recovery against Central Mutual.[1] *Plaintiffs filed no responsive pleadings and went to trial on their original petition.*

In a trial to the jury, Harriell was found guilty of several acts of negligence proximately causing the collision: driving at an excessive rate of speed; engaging in a contest of speed with Mitchell immediately prior to the collision; and swerving his automobile back and forth across the street. The jury also convicted Mrs. Smith of sev-

eral acts of negligence proximately causing the collision: failure to keep a proper lookout; turning her vehicle to enter a driveway when such movement could not be made with safety; in crossing a double yellow line in the middle of the roadway in order to turn left. The jury also assessed 50 percent negligence to Mrs. Smith and 50 percent negligence to Harriell and fixed Mrs. Smith's damages at $60,000. As indicated earlier, the trial court, on proper motion, entered judgment for the insurer, non obstante veredicto.

Plaintiffs insist that this cause is ruled by the recent decision of our Supreme Court in *Ford v. State Farm Mutual Automobile Insurance Co.,* 550 S.W.2d 663 (Tex.1977), which in turn followed *Stephens v. State Farm Mutual Automobile Ins. Co.,* 508 F.2d 1363 (5th Cir. 1975). Although there is remarkable similarity in the holdings in the cases mentioned and the facts in the case at bar, we do not find that *Ford* is dispositive in this case.

In entering judgment in favor of the insurer, the trial court followed precisely the guidelines set out governing fact situations such as he then had presented to him. See, e. g., *McClelland v. United Services Automobile Ass'n,* 525 S.W.2d 271 (Tex.Civ. App.—Beaumont 1975, writ ref'd), which distinguished *Stephens,* supra.

The insurer had pleaded a policy violation—one which had been specifically upheld by the Supreme Court of Texas in *McClelland,* supra—and plaintiff made no effort to plead waiver or estoppel in order to escape the bar of the insurer's pleadings.[2]

Nearly a century ago in *Texas Banking & Insurance Co. v. Stone,* 49 Tex. 4, 15–16 (1878), the Court announced the rule which should govern the disposition of this case, saying:

---

1. The language contained in the policy provision providing uninsured motorist protection was standard and has been quoted in many earlier cases. See, e. g., *Jessie v. Security Mutual Casualty Co.,* 488 S.W.2d 140, 141 (Tex. Civ.App.—Fort Worth, 1972, writ ref'd n. r. e.), where the policy provision is set out in the body of the opinion.

2. An examination of the original record in *McClelland* discloses that when the insurer pleaded breach of the policy by settlement, it did so in an amended answer which followed a general denial and after extensive pretrial discovery. McClelland did not file any replication to the insurer's plea of breach of contract.

"But while it may be shown by parol evidence that the insurer is estopped from claiming immunity from liability by reason of a breach in the warranty thus improperly or inaccurately incorporated in the policy, yet there must be a proper predicate for this, as well as all other testimony upon which parties rely to support their action or maintain their defense. *The evidence is in the nature of a confession and avoidance of the answer of appellant, setting up a breach of warranty. Appellee, however, neither made a replication to the answer, nor, by amendment of his petition, averred the facts upon which he relies in avoidance of the defense set up by appellant. The evidence, if excepted to when offered, should have been excluded; and, though admitted without objection, according to numerous decisions of this court, as it was not warranted by the pleadings, it cannot be looked to as the basis for relief.* (*Hall v. Jackson*, 3 Tex. 305; *Cherry v. Newby*, 11 Tex. 457; *Norvell v. Oury*, 13 Tex. 31)." (Emphasis ours)

The insurer's pleading of the unauthorized settlement established a defense to plaintiffs' claim until defeated by a proper plea of waiver or estoppel pleaded and proved. *McClelland*, supra. See Also, *Hollen v. State Farm Mutual Automobile Ins. Co.*, 551 S.W.2d 46 (Tex.1977).

It must be conceded that plaintiffs were not required to interpose any pleadings in order to prevent the insurer from making factual proof of its allegations contained in the pleaded defense; a general denial was regarded as having been interposed. *Tex.R.Civ. P. 82.* But, as said in *Farmers Mutual Protective Ass'n of Tex. v. Thompson*, 365 S.W.2d 226, 227 (Tex.Civ. App.—Houston 1963, writ ref'd n. r. e.):

"Under Rule 94, T.R.C.P., waiver is an affirmative defense which must be pleaded by the party relying upon it. *Appellee could not rely upon waiver since it was not pleaded* even though some evidence of waiver was introduced without objec-tion . . . [citations omitted]." (Emphasis supplied)

Accord: *Young v. Haynes*, 295 S.W.2d 536, 538 (Tex.Civ.App.—Galveston 1956, no writ); *Young v. De La Garza*, 368 S.W.2d 667, 671 (Tex.Civ.App.—Dallas 1963, no writ).

We have given careful consideration to the majority opinion in the *Ford Case*, as well as the underlying opinion of the Court of Civil Appeals therein, and have been unable to determine whether waiver had been pleaded by the insured.[3] Considering the judicial stature of the author of the majority opinion in *Ford*, as well as the members of the Court composing the majority, we are led to the inescapable conclusion that waiver must have been pleaded in *Ford* or the issue was tried by consent, express or implied, under Tex.R.Civ. P. 67. See authorities collated in *2 McDonald, Texas Civil Practice (1970 Rev. Vol.) § 5.18, pp. 54–56.*

By indulging in this line of reasoning, we are able to square the holding in *Ford* with the rule governing pleadings which has been in effect in this state for at least a century. But, our plaintiff has never contended that the issue of waiver was tried by consent. Moreover, under *Tex.R. Civ. P. 279*, and the case law as it existed when the cause was tried, plaintiff waived any right to recover by failure to request any issue on waiver of the policy provision. *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529, 531 (Tex.1965); *Carruth v. First Nat. Bank of Fort Worth*, 544 S.W.2d 678, 683 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.

AFFIRMED.

---

3. Judge Gee in the *Stephens Case*, supra, carefully noted that the issue of waiver had been tried by implied consent under *F.R.Civ.P. 15(b)*. *508 F.2d at 1366, fn. 2.*