DIXON, JUDGE:
Appellant, Auto-Owners Insurance Company, appeals from an order of the Marion Circuit Court granting summary judgment in favor of Appellee, Sharon Spalding, in this Declaration of Rights action. For the reasons set forth herein, we reverse and remand for further proceedings.
On April 19, 2011, a vehicle operated by Bashia Robinson struck a moped operated by Appellee. There is no dispute that Robinson was at fault in causing the accident. As a result, Appellee suffered a badly broken arm that required surgery, and she *628 incurred substantial medical bills. According to the record, Appellee suffers from some degree of dementia and memory loss, which pre-existed the accident.
Appellee subsequently retained attorney Dallas George to represent her in any claims arising from the accident. George investigated the matter and determined that Robinson had automobile insurance through Kentucky Farm Bureau with statutory limits of $25,000/$50,000. In addition, George learned that Appellee had motor vehicle insurance that had been purchased through Energy Insurance Agency of Lebanon ("Energy Insurance"), which is owned by Brenda Spalding.[1] Appellee's moped was insured under a policy issued by Progressive Insurance Company that did not provide Underinsured Motorist Coverage ("UIM"). George's paralegal, Gloria George, allegedly contacted Spalding to inquire as to whether Appellee had UIM coverage under any other policy. Gloria later testified that Spalding responded that Appellee did not have such coverage. Based upon that information, George secured a $25,000 settlement with Kentucky Farm Bureau on the liability claim against Robinson. On September 6, 2011, Appellee signed a release in favor of Robinson in exchange for Kentucky Farm Bureau's policy limits.
Sometime around the end of March 2012, over six months after the settlement agreement was signed, Appellee came to George's office to receive the settlement funds after resolution of several medical liens. Appellee was accompanied by her sister, Mary Lou Merrett, who expressed shock at the amount of the settlement and was adamant that there should have been additional coverage. Merrett thereafter went to Energy Insurance Agency and learned that Appellee had another policy issued by Appellant that provided UIM coverage limits of $50,000/$100,000.
In April 2012, George submitted a claim for UIM coverage to Appellant. Shortly thereafter, Appellant's representative, Terry Harrison, sent a letter to George indicating that Appellant was investigating coverage and needed certain documentation concerning the moped. After receiving the required documentation, Harrison sent a second letter to George indicating that there would be coverage for a policyholder injured in a motor vehicle accident while occupying the moped because the operator of the moped would be considered a pedestrian. However, Appellant subsequently denied Appellee coverage on the grounds that upon reaching the settlement with Kentucky Farm Bureau, Appellee failed to give the required notice to Appellant as her UIM carrier. See Coots v. Allstate Insurance Company, 853 S.W.2d 895 (Ky. 1993).
On October 2, 2012, Appellant filed the instant declaratory action against Appellee in the Marion Circuit Court seeking a ruling that it did not owe Appellee coverage pursuant to Coots and KRS 304.39-320(3). Thereafter, on April 2, 2013, Appellee filed a separate action against Energy Insurance Agency and Spalding, asserting claims of negligence, breach of contract and bad faith. The crux of Appellee's action was that she did not give the required Coots notice because Spalding, as Appellant's agent, provided misinformation to Gloria regarding the availability of any UIM coverage. Appellee claimed that such misinformation led her to settle her accident claim without further reviewing or inquiring about additional coverage. The two actions were later consolidated.
At some point Energy Insurance Agency and Spalding moved to file a third-party *629 complaint against George alleging that he had a professional obligation to request copies of the policies to make an independent coverage determination. Appellee chose not to pursue a legal malpractice claim against George and he was dismissed from the litigation. In the agreed order, the trial court did note that fault could be apportioned to George at trial.
The parties thereafter filed cross-motions for summary judgment. On September 25, 2014, the trial court granted summary judgment in favor of Appellant, finding that "the notice requirements of the statute are mandatory" and that Appellant did not owe Appellee coverage under Coots . Appellee's separate claims against Energy Insurance Agency and Spalding were dismissed by agreed order in May 2015.
Appellee thereafter appealed the trial court's decision to this Court. On January 29, 2016, we rendered an opinion reversing the summary judgment and remanding the matter for further proceedings. Spalding v. Auto-Owners Insurance Company , 2014-CA-001737, 2016 WL 361653, *2-3 (January 29, 2016). Therein, we observed,
When viewing the record in a light most favorable to Appellant and resolving all doubts in her favor, we must conclude that Summary Judgment was improperly rendered. The matter before us focuses on inquires made by Attorney George and/or his paralegal Gloria George to Brenda Spalding and/or Energy Insurance regarding whether Appellant had UIM coverage. Appellee asserts that this inquiry represents a question of law rather than a question of fact, and in so doing contends that Brenda Spalding had no duty to correctly answer a question of law. In examining the limited record, however, we cannot discern if the Marion Circuit Court addressed this issue. That is to say, it has not been established whether Brenda Spalding's response to George's inquiry constituted an act of non-feasance which can be imputed to Appellee. An additional question of law exists as to whether this purported act of non-feasance, if imputed to Appellee, operates as a waiver to the Coots notice requirement. A mixed question of law and fact also remains as to whether Brenda Spalding, as owner of Energy Insurance, was an agent of Appellee. And finally, an additional question remains as to whether Appellant's failure to notify George that she owned the Ford Focus affects this calculus. According to George's deposition, Appellant never informed him that she owned a Ford Focus, and he learned of it only after securing the settlement with Kentucky Farm Bureau on the liability claim against Robinson.
After further briefing by the parties, the trial court held a hearing on November 17, 2016. Subsequently, on August 24, 2017, the trial court entered an order granting summary judgment in favor of Appellee. Therein, the trial court ruled that: (1) Gloria's inquiry to Spalding regarding whether Appellee had UIM coverage was a simple question of fact rather than law; (2) Spalding's erroneous answer constituted non-feasance; (3) Spalding was acting as an agent of Auto-Owners when she made the misstatement; (4) Spalding's non-feasance was attributable to Appellant; (5) the non-feasance was sufficient to trigger a waiver and estoppel of the requirements of KRS 304.39-320(3) and Coots; and (6) Appellee's failure to tell George that she owned another vehicle which possibly had UIM coverage did not affect the determinations. This appeal ensued.
Summary judgment is an extraordinary remedy that should be "cautiously applied and should not be used as a substitute *630 for trial." Steelvest, Inc. v. Scansteel Service Center, Inc. , 807 S.W.2d 476, 483 (Ky. 1991). Instead, summary judgment is only appropriate "to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." Paintsville Hosp. Co. v. Rose , 683 S.W.2d 255, 256 (Ky. 1985). "Impossible," of course, should be interpreted in "a practical sense, not in an absolute sense." Perkins v. Hausladen , 828 S.W.2d 652, 654 (Ky. 1992). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56.03. A motion for summary judgment is to be reviewed in a light most favorable to the opposing party, but the opposing party cannot defeat the motion "without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." Steelvest , 807 S.W.2d at 482. After all, a trial court's role is "not to resolve any issue of fact, but to discover whether a real fact issue exists." Shelton v. Ky. Easter Seals Soc., Inc. , 413 S.W.3d 901, 905 (Ky. 2013).
Our review of a trial court's resolution of a summary-judgment motion involves only legal questions and, like the trial court, the determination of whether an issue of fact exists. We do not resolve issues of fact. Because of this, we operate under a de novo standard of review.
State Farm Mutual Automobile Insurance Company v. Riggs , 484 S.W.3d 724, 726-27 (Ky. 2016).
On appeal, Appellant argues that summary judgment was inappropriate because there remains a significant factual issue as to whether the conversation between Gloria and Spalding ever took place. Appellant has adamantly maintained in every pleading that it did not. However, assuming arguendo that the conversation did take place, Appellant contends that the trial court erred in finding that Gloria's question to Spalding regarding Appellee's UIM coverage was a question of fact. Rather, Appellant argues that Gloria's general question as to whether Appellee had UIM coverage was not specific to any policy and thus presented a legal question requiring a coverage determination, which was outside the scope of Spalding's authority as an agent. Consequently, Appellant asserts that any response Spalding gave could not be deemed non-feasance. Further, Appellant argues that regardless of Spalding's response, such was insufficient to operate as a waiver of the Coots statutory notice requirement, and it was entitled to summary judgment as a matter of law.
After reviewing the record, it is clear that a factual issue exists as to whether the conversation between Gloria and Spalding occurred. Gloria testified in her deposition that she called Spalding at the insurance agency to inquire as to whether Appellee had UIM coverage. Indeed, the trial court in its summary judgment order found that Gloria contacted Spalding on May 18, 2011. Spalding, on the other hand, testified that she was in Venice, Italy on May 18, 2011, and that between her vacation and a subsequent death in the family, she was out of the office that entire week. Spalding further stated that it is her agency's policy to provide insurance information only in response to a written request and that she would not have provided any information over the phone.
Whether or not the conversation at issue between Gloria and Spalding occurred is the crux of this matter, and the *631 clear factual dispute should have precluded summary judgment. Nevertheless, the determination of whether any alleged response by Spalding could operate as a waiver of the Coots requirement is a question of law that we must address because if we find that it cannot, the remaining factual issues are irrelevant.
In Coots, our Supreme Court enunciated the requirement that an insured is required to give a UIM insurance carrier notice of a potential settlement with the tortfeasor. The notice is designed to give the UIM carrier the opportunity to protect its subrogation rights against the tortfeasor and the tortfeasor's insurer. "Under the Coots procedure ... the injured party may preserve his or her UIM claim by giving notice to its UIM insurer of the parties' intent to settle and affording the UIM insurer the opportunity to preserve its subrogation rights against the tortfeasor by paying the injured party the policy limit amount." True v. Raines , 99 S.W.3d 439, 445 (Ky. 2003). The Coots decision was codified by KRS 304.39-320, which provides in pertinent part:
(3) If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured, and the settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an underinsured motorist claim, then written notice of the proposed settlement must be submitted by certified or registered mail to all underinsured motorist insurers that provide coverage. The underinsured motorist insurer then has a period of thirty (30) days to consent to the settlement or retention of subrogation rights. An injured person, or in the case of death, the personal representative, may agree to settle a claim with a liability insurer and its insured for less than the underinsured motorist's full liability policy limits. If an underinsured motorist insurer consents to settlement or fails to respond as required by subsection (4) of this section to the settlement request within the thirty (30) day period, the injured party may proceed to execute a full release in favor of the underinsured motorist's liability insurer and its insured and finalize the proposed settlement without prejudice to any underinsured motorist claim.
(4) If an underinsured motorist insurer chooses to preserve its subrogation rights by refusing to consent to settle, the underinsured motorist insurer must, within thirty (30) days after receipt of the notice of the proposed settlement, pay to the injured party the amount of the written offer from the underinsured motorist's liability insurer. Thereafter, upon final resolution of the underinsured motorist claim, the underinsured motorist insurer is entitled to seek subrogation against the liability insurer to the extent of its limits of liability insurance, and the underinsured motorist for the amounts paid to the injured party.
" KRS 304.39-320(3) does not give specific details on what facts or information must be included in the Coots notice. It merely states that 'written notice of the proposed settlement must be submitted by certified or registered mail to all underinsured motorist insurers that provide coverage.' " Kentucky Farm Bureau Insurance v. Young , 317 S.W.3d 43, 48 (Ky. 2010). However, in Young , our Supreme Court declared that strict compliance with KRS 304.90-320(3) is required.
In finding that Spalding's alleged misrepresentation operated as a waiver of the Coots notice requirement, the trial court observed that "one cannot give notice where the underlying existence of a UIM policy has been denied or misstated by an *632 agent of the insurer as in this case." Further, the trial court relied upon Hanover Insurance Company v. McLoney , 205 F.Supp. 49, 53 (E.D. Ky. 1962), wherein the federal district court noted,
It is an equally well recognized principle of equitable waiver and estoppel that if an insurance company through those who are authorized to speak for it, either by words or conduct, has induced an insured to refrain from doing that which he is obligated to do under the conditions of the policy, it will be deemed to have waived the requirements and may be estopped to deny the authority of its agent on whose conduct or representations the insured relied. American Eagle Fire Ins. Co. v. Burdine , 10 Cir., 200 F.2d 26 (1952).
See also Dailey v. American Growers Insurance , 103 S.W.3d 60, 68 (Ky. 2003) (concurring opinion).
Appellant asserts that the trial court's reliance on Hanover Insurance Co. was misplaced because the issue therein concerned compliance with insurance policy provisions, whereas the issue herein concerns compliance with a statutory provision. Appellant argues that Young clearly established that strict compliance with KRS 304.90-320(3) is required, and that it was, in fact, Appellee's oversight in informing George about the other insurance policy, regardless of whether it was due to her confusion or mental health issues, that resulted in the failure to provide the required statutory notice. Thus, Appellant argues that regardless of whether Spalding misrepresented the existence of UIM coverage, Appellee failed to strictly comply with KRS 304.39-320(3) and is precluded from recovering under the policy.
Although not specifically addressed in Kentucky with respect to UIM coverage, a multitude of jurisdictions have held that an insurer, through action or inaction, can waive or be estopped from asserting a defense to liability under the policy based upon the insured's unauthorized settlement with a third-party tortfeasor. Conduct or Inaction by Insurer Constituting Waiver of, or Creating Estoppel to Assert, Defense of consent to Settle Provision Under Insurance Policy, 16 A.L.R.6th 491 (2006).
The rationale behind holding to this particular waiver theory is that a claimant should not be required to approach his insurer, that in hand, and request consent to settle with another when he has already been told, in essence, that the insurer is not concerned, and he is to go his way. It is difficult to see why an insurer should be allowed, on the one hand, to deny liability and thus, in the eyes of the insured, breach his contract and, at the same time, on the other hand, be allowed to insist that the insured honor all his contractual commitments.
Stephens v. State Farm Mutual Automobile Insurance Co., 508 F.2d 1363, 1366 (5th Cir. 1975), abrogation recognized by Doughten v. State Farm Mut. Auto Ins. Co. , 31 F.App'x 839 (5th Cir. 2002). The situation herein differs from those discussed in other jurisdictions in that Appellant, through Spalding, did not make a coverage determination and decline coverage or fail to act. However, the effect of Spalding's misstatement, if indeed such occurred, had the same result as it essentially led George to believe there was no other insurance coverage and that he needed to go ahead and settle Appellee's claim with Robinson.
We are of the opinion that where an insurer has initially denied coverage, whether the denial is based upon an erroneous coverage determination or, as in this case, a misrepresentation that a policy providing coverage even exists, the insurer *633 cannot be allowed to subsequently assert a defense to liability based upon a provision requiring the insured to notify it prior to settlement, regardless of whether that provision is statutory or contractual. To hold otherwise would lead to an untenable result.
There is no question in this case that Appellee had a policy containing uninsured motorist coverage. If, in fact, Spalding misrepresented that fact to Gloria, such prevented Appellee from complying with the Coots requirement. Regardless of whether the notice requirement was contractual or statutory, we cannot conclude that Appellee should be penalized for the failure to fulfill a requirement that she was unaware was applicable to her. As the trial court noted, Appellee could not have given the required notice where the underlying existence of a UIM policy was denied or misstated.
Our holding should not be misconstrued as a blanket exception to the strict compliance requirement of KRS 304.39-320(3). Rather, under the specific facts presented herein, we believe it would be unjust to hold as a matter of law that Appellee is precluded from recovering UIM benefits. That is not to say that a jury could not find that Appellee's oversight in informing George of another policy contributed to the failure to provide the required notice. Indeed, we believe that is yet another factual issue that should have precluded summary judgment.
For the reasons set forth herein, we reverse the order of the Marion Circuit Court and remand the matter for further proceedings in accordance with this opinion.
ALL CONCUR.

There is no indication in the record that Appellee and Brenda Spalding are related.