William Gerald HOLTER, Jr., Appellant,

v.

EMPLOYERS MUTUAL FIRE INSURANCE COMPANY et al., Appellees.

No. 1118.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1975.

---

Harold Lloyd, Joe M. Joplin, Lloyd & Hoppess, Inc., Houston, for appellant.

Tom A. Connally, Osborne J. Dykes, III, Fulbright & Jaworski, Michael Windham, Houston, for appellees.

TUNKS, Chief Justice.

This is an uninsured motorist case brought by appellant, William Gerald Holter, Jr., against appellees, Employers Mutual Fire Insurance Company and Vico County Mutual Insurance Company. In the trial court the plaintiff and defendants moved for summary judgment. The trial court granted defendants' motions and overruled plaintiff's, rendering judgment that plaintiff take nothing. Plaintiff appeals.

This suit arose from a three-car collision. Appellant, Gerald Holter, who was a passenger in the automobile owned and operated by William Hyche, sustained serious injuries as a result of the accident. He brought suit against Florence Wilson and John Crew, the drivers of the other two automobiles. After trial by jury, they were each found to have been negligent, and such negligence was found to have been the proximate cause of the accident. Judgment was entered on the jury's verdict in the amount of $31,500 against Crew and Wilson, jointly and severally. One of the two tortfeasors, Wilson, was covered by a policy of automobile liability insurance issued by Allstate Insurance Company. Allstate paid over to Holter the $10,000 limit of its policy on behalf of Wilson, and Holter signed a release discharging Allstate from any further liability in connection with the judgment and the cause of action on which it was based. The other tortfeasor, Crew, was an uninsured motorist.

At the time of the accident, appellant was covered under two separate automobile insurance policies with uninsured motorist coverage. The first was a policy issued to Hyche, the owner and operator of the automobile in which appellant was riding, by appellee Vico County Mutual Insurance Company (Vico). The second policy was issued by appellee Employers Mutual Fire Insurance Company (Employers Mutual) to appellant Holter as the named insured. Each policy had a limit on the uninsured motorist coverage of $10,000 per person injured and $20,000 per accident, and each contained the following provisions which are relevant to the issues on this appeal.

Limits of Liability

\*     \*     \*     \*     \*     \*

(b) Any amount payable under the terms of this Part [Part IV—Protection Against Uninsured Motorist] because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury . . .

\* \* \* \* \* \*

Trust Agreement

In the event of payment to any person under this Part:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this part; . . .

\* \* \* \* \* \*

Appellant filed suit against Vico and Employers Mutual, seeking recovery of the $10,000 limit of liability against each. Appellant and appellees entered into a stipulation of facts upon which the motions for summary judgment were heard. The appellees argue that the trial court's judgment should be affirmed because the $10,000 payment made in behalf of Wilson satisfied the $10,000 liability which each of them had under its uninsured motorist coverage.

■ The appellant in his brief frames the first question before this Court in the following language:

Where two joint and several tortfeasors, one insured and one uninsured, cause bodily injury to the Appellant, Holter, and the insured tortfeasor has paid his policy limits over to Appellant, are Appellees entitled to be subrogated to said policy before Appellant Holter has been fully compensated for his damages?

By his first three points of error, appellant contends that appellees have no valid right of subrogation against an insured joint tortfeasor, that the provisions of the insurance contracts (set out above) which reduce the amount payable to appellant by any sum paid by any other person or organization jointly or severally liable with the uninsured motorist are void, and that the "trust agreement" provisions of the insurance contracts relied on by appellees are void and/or inapplicable to the payment made to appellant by the insured joint tortfeasor.

Appellant's first three points of error and the answer to the question stated by him as being involved in those points are controlled by the authority of Traders & General Insurance Company v. Reynolds, 477 S.W.2d 937 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.), and Jobe v. International Service Insurance Company, 474 S.W.2d 11 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.). In both of those cases it was held that, under facts not significantly distinguishable from the facts of this case, where a party sustains injuries because of the joint negligence of two defendants, one of whom is insured and the other uninsured, and where the carrier of the insured defendant pays its limits to the injured party, the injured party's uninsured motorist carrier is entitled to credit for that amount paid to the injured party, even though such payment did not fully compensate the carrier's insured for the injuries he sustained. On the authority of those cases we overrule appellant's first three points of error and hold that the question posed by him should be answered in the affirmative.

■ While the Reynolds and Jobe cases answer the first question presented by appellant, there are other questions which they do not answer. Each of the defendants' policies of insurance had an "other insurance" clause in it. The trial court rendered judgment that the plaintiff take nothing from either defendant. That judgment was signed by the court on September 6, 1974. On September 24, 1974, the opinion in American Motorists Insurance

**438**

Company v. Briggs, 514 S.W.2d 233 (Tex. Sup.1974) was published. That case held that where injured parties were covered by an uninsured motorist provision in each of two policies issued by different carriers, they were entitled to recover their actual damages to the extent of the policy limits without regard to the existence of other insurance. Thus, in this case, the plaintiff's injuries have caused him damages in excess of $20,000, the combined limits of the two policies, and since he has been paid only $10,000, he is entitled to recover another $10,000 under the policies.

The appellees recognize the holding of the Briggs case and do not seriously argue that appellant is not entitled to recover an additional $10,000. Their principal argument concerns which one of them should get credit, against their uninsured motorist coverage liability, for the $10,000 that has been paid to appellant. Vico argues that since it has the policy covering the car in which appellant Holter was a passenger, it is the primary carrier and Holter's insurer, Employers Mutual, is the excess carrier. Vico then argues that it, "as primary carrier, should have the prior right of crediting recouped funds against its uninsured motorist liability." This argument is based on a false premise. In Briggs, *supra* at p. 236, the Court said, "[i]f coverage exists under two or more policies, liability on the policies is *joint and several* to the extent of plaintiff's actual damages, subject to the qualification that no insurer may be required to pay in excess of its policy limits." (Emphasis added) The $10,000 payment which the plaintiff received reduced that "joint and several" liability to $10,000. There still remains $10,000 "joint and several" liability of the two insurers. Plaintiff is entitled to a joint and several judgment for $10,000 against the two insurers.

The judgment of the trial court is reversed and judgment is here rendered for the appellant, William Gerald Holter, Jr., against the appellees, Vico County Mutual Insurance Company and Employers Mutual Fire Insurance Company, jointly and severally, for $10,000 together with interest from May 31, 1973, the date upon which the appellant's damages were fixed in amount by jury verdict.

Reversed and rendered.