**Chezaray MELANCON, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 14–10–00007–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 2011.

Jack F. Burleigh, Houston, TX, James P. Ryan, Opelousas, TX, for appellant.

Brian M. Chandler, Jack McKinley, Houston, TX, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

**OPINION**

KEM THOMPSON FROST, Justice.

An insured sued his insurer for breach of an automobile insurance policy under the uninsured/underinsured motorists coverage. At trial, the jury found the amount of the insured's personal-injury damages, which was an amount less than the total amount paid in settlements to the insured by persons or organizations who had po-

tential liability for the insured's damages. Under the unambiguous language of the policy, the insurer has no liability in this situation. Accordingly, we affirm the trial court's take-nothing judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Chezaray Melancon is an insured under an automobile insurance policy issued by appellee State Farm Mutual Automobile Insurance Company. Under the uninsured/underinsured motorists coverage (hereinafter "UIM Coverage"), State Farm must "pay the damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury sustained by a *covered person,* or *property damage,* caused by an accident." The policy limits State Farm's liability under the UIM Coverage to the lesser of

    a.  The difference between the amount of [Melancon's] damages for bodily injury or *property damage* and the amount paid or payable to [Melancon] for such damages, by or on behalf of persons or organizations who may be legally responsible; and

    b.  The applicable limit of liability for this coverage [$100,000].

Melancon was injured in an automobile accident involving multiple vehicles. He brought suit against two other drivers involved in the accident, Noel Sholes and Miguel Garcia, and Garcia's employer, Lane Freight, Inc. Melancon also joined State Farm as a defendant, asserting a breach-of-contract claim on the basis that State Farm was liable to Melancon under the UIM Coverage of his policy. Melancon and State Farm stipulated that (1) Melancon settled his claims against Garcia and Lane Freight for $170,000; (2) Melancon settled his claims against Sholes for $20,012; and (3) State Farm paid Melan-

con $5,000 in personal injury protection benefits under the policy. The total of these three amounts is $195,012.

Following a trial on the merits, the jury found Sholes's negligence to be the sole proximate cause of the accident. The jury found that Melancon sustained various damages resulting from the accident. The total of the damages found by the jury is $168,800.

Based on the jury's verdict, Melancon sought judgment awarding him $100,000 in UIM Coverage under the policy. State Farm sought a take-nothing judgment, arguing that Melancon cannot recover any damages under the UIM Coverage because the amounts he recovered in settlement exceed the amount of his damages as found by the jury. The trial court rendered a take-nothing judgment.

## II. ISSUE PRESENTED

On appeal, Melancon asserts a single issue: "Did the trial court err in granting a credit to State Farm in excess of the amount allowed by the Texas Insurance Code?"

## III. ANALYSIS

■ A court generally interprets an insurance policy under the same rules of construction as any other contract, reading all parts of the policy together and viewing the policy in its entirety to give effect to the written expression of the parties' intent. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 740–41 (Tex.1998). Applying the ordinary rules of contract construction to insurance policies, the reviewing court ascertains the parties' intent by looking only to the four corners of the policy to see what is actually stated and does not consider what was allegedly meant. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex.2006); *Williams Consolidated I, Ltd./BSI Holdings, Inc. v.*

*TIG Ins. Co.*, 230 S.W.3d 895, 902 (Tex. App.-Houston [14th Dist.] 2007, no pet.). When, as in this case, the claim involves a standard-form insurance policy approved by a state regulatory agency, we determine the meaning of undefined terms in the policy based upon the everyday meaning of the words to the general public. *See Fiess*, 202 S.W.3d at 746; *Progressive Cty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex.2003).

■ If a court can ascertain only one reasonable meaning of the policy provision, the insurance contract is not ambiguous, and the court will enforce it as written. *See Fiess*, 202 S.W.3d at 746; *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex.1998). But, when words in a policy are susceptible to more than one reasonable interpretation, the contract is deemed ambiguous. *See Kelley–Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex.1998).

■ In the case under review, the parties disagree as to the construction of the following policy language: "persons or organizations who *may* be legally responsible." Melancon construes this language to mean "persons or organizations who *are* legally responsible." In this context, we conclude that the only reasonable meaning of "persons or organizations who may be legally responsible" is persons or organizations who might be legally responsible for the insured's damages. *See Nalle v. Taco Bell Corp.*, 914 S.W.2d 685, 687 (Tex.App.-Austin 1996, writ denied) (stating that "may" means possibility, permission, liberty, or power rather than indicating a mandatory requirement); *Simms v. Lakewood Village Property Owners Ass'n, Inc.*, 895 S.W.2d 779, 783–84 (Tex.App.-Corpus Christi 1995, no writ) (stating that "may" means "have the ability to," "be free," or indicating "possibility or probability" and,

unless the context indicates otherwise, is not treated as "a word of command"). In the case under review, Garcia, Lane Freight, and Sholes fall within this category. The jury found that Melancon's damages are $168,800, which is less than $190,012, the amount paid to Melancon by Garcia, Lane Freight, and Sholes for such damages. Therefore, under the unambiguous language of the insurance policy, State Farm's liability under the UIM Coverage is zero.[1] *See Marley v. Allstate Ins. Co.,* No. 01–04–00174–CV, 2006 WL 1098946, at *2–3 (Tex.App.-Houston [1st Dist.] Apr. 27, 2006, no pet.) (mem. op.) (holding insurer's liability under same policy provision was zero).

Melancon relies upon the Supreme Court of Texas's opinion in *Henson v. Southern Farm Bureau Casualty Insurance Company. See* 17 S.W.3d 652, 654 (Tex.2000). But in *Henson,* there was no settlement by a party other than the driver of the allegedly underinsured vehicle, and the *Henson* court did not construe or apply the limit-of-liability provision at issue in the case under review. *See id.* at 653–54. *Henson* is not on point.

■ Melancon also asserts that the following statute precludes State Farm from reducing its liability based upon settlements by parties other than the driver of the allegedly underinsured vehicle:

> Underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit

specified in the insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

TEX. INS.CODE ANN. § 1952.106 (West 2009). Melancon relies upon the reference in this statute to deductions based upon settlement of the claim against the driver of the allegedly underinsured vehicle and the lack of a reference to deductions for any other settlements. But, in this statute the legislature did not state that third-party settlements should not be considered in determining the amount of UIM Coverage. Under this statute, underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage. *See id.* Under Civil Practice and Remedies Code section 33.012(b), in determining the amount that an insured is legally entitled to recover from the driver or owner of an underinsured vehicle, the court deducts the sum of all settlements, including third-party settlements. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.012(b) (West 2008) (stating that "[i]f the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements"). Thus, if an insured obtains third-party settlements in excess of the amount of the insured's damages, the insured is not legally entitled to recover any damages from the owners or operators of underinsured motor vehicles.[2]

---

**1.** Melancon relies upon *Holter v. Employers Mut. Fire Ins. Co.,* 520 S.W.2d 435 (Tex.Civ. App.-Houston [14th Dist.] 1975, no writ). *Holter* dealt with an insurance policy that contained a materially different limit-of-liability provision and a situation in which the

drivers of the other two vehicles were found jointly and severally liable. *See id.* at 436–37. *Holter* is not on point.

**2.** Melancon also relies upon Texas Insurance Code section 1952.108. *See* TEX INS.CODE ANN.

We conclude that this statute does not preclude the enforcement of the limit-of-liability provision in the insurance policy.

Melancon also argues that allowing the settlement by Garcia and Lane Freight to reduce State Farm's liability under the UIM Coverage is contrary to *Franco v. Allstate Insurance Company*. *See* 505 S.W.2d 789, 792 (Tex.1974) (holding that claim for UIM benefits is governed by contract statute of limitations and stating that "the phrase 'legally entitled to recover' has been interpreted to mean simply that the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages"). Melancon also relies upon other cases stating that procedural defenses that would be available to the driver of the allegedly uninsured or underinsured vehicle do not bar recovery from the insurer. These cases are not on point because this court is not applying a procedural defense to bar Melancon from recovering against State Farm.[3]

We conclude that Melancon's sole issue and the arguments he asserts under it lack merit.[4] Accordingly, we overrule his issue and affirm the trial court's judgment.[5]

§ 1952.108 (West 2009). But this statute does not address an insurer's liability to pay an insured; rather, it addresses an insurer's subrogation rights after it pays an insured. *See id.*

3. Melancon also argues that State Farm judicially admitted in its answer that State Farm is only entitled to credit for amounts paid by those who are found "responsible" for Melancon's injuries. We conclude that State Farm's answer does not contain such a judicial admission.

4. We need not and do not address whether State Farm can invoke the "one satisfaction" rule.

5. Melancon asks that we reverse the trial court's judgment as to his extra-contractual claims against State Farm, but Melancon makes no argument for doing so in the event this court affirms the trial court's judgment as to his breach-of-contract claim.