Affirmed and Opinion filed June 21,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00007-CV



Chezaray
Melancon, Appellant 

v.

State Farm
Mutual Automobile Insurance Company, Appellee 



On Appeal from
the 189th District Court

Harris County, Texas

Trial Court
Cause No. 2006-22514



 

OPINION

An insured sued his insurer for breach of an
automobile insurance policy under the uninsured/underinsured motorists
coverage.  At trial, the jury found the amount of the insured’s personal-injury
damages, which was an amount less than the total amount paid in settlements to
the insured by persons or organizations who had potential liability for the
insured’s damages.  Under the unambiguous language of the policy, the insurer
has no liability in this situation.  Accordingly, we affirm the trial court’s
take-nothing judgment.

 

I.  Factual and Procedural
Background

Appellant Chezaray Melancon is an insured under an
automobile insurance policy issued by appellee State Farm Mutual Automobile
Insurance Company.  Under the uninsured/underinsured motorists coverage
(hereinafter “UIM Coverage”), State Farm must “pay the damages which a covered
person is legally entitled to recover from the owner or operator of an uninsured
motor vehicle because of bodily injury sustained by a covered
person, or property damage, caused by an accident.”  The
policy limits State Farm’s liability under the UIM Coverage to the lesser of 

a.         The
difference between the amount of [Melancon’s] damages for bodily injury or property
damage and the amount paid or payable to [Melancon] for such damages,
by or on behalf of persons or organizations who may be legally responsible; and

            b.         The
applicable limit of liability for this coverage [$100,000].

Melancon was injured in an automobile accident
involving multiple vehicles.  He brought suit against two other drivers
involved in the accident, Noel Sholes and Miguel Garcia, and Garcia’s employer,
Lane Freight, Inc.  Melancon also joined State Farm as a defendant, asserting a
breach-of-contract claim on the basis that State Farm was liable to Melancon
under the UIM Coverage of his policy.  Melancon and State Farm stipulated that (1)
Melancon settled his claims against Garcia and Lane Freight for $170,000; (2)  Melancon
settled his claims against Sholes for $20,012; and (3) State Farm paid Melancon
$5,000 in personal injury protection benefits under the policy.  The total of
these three amounts is $195,012.

Following a trial on the merits, the jury found Sholes’s
negligence to be the sole proximate cause of the accident.  The jury found that
Melancon sustained various damages resulting from the accident.  The total of
the damages found by the jury is $168,800.  

Based on the jury’s verdict, Melancon sought judgment
awarding him $100,000 in UIM Coverage under the policy.  State Farm sought a
take-nothing judgment, arguing that Melancon cannot recover any damages under
the UIM Coverage because the amounts he recovered in settlement exceed the amount
of his damages as found by the jury.  The trial court rendered a take-nothing
judgment.

II.  Issue Presented

On
appeal, Melancon asserts a single issue:  “Did the trial court err in granting
a credit to State Farm in excess of the amount allowed by the Texas Insurance
Code?”

III.  Analysis

A court generally interprets an
insurance policy under the same rules of construction as any other contract,
reading all parts of the policy together and viewing the policy in its entirety
to give effect to the written expression of the parties’ intent.  Balandran
v. Safeco Ins. Co. of Am., 972 S.W.2d 738, 740B41
(Tex. 1998).  Applying the ordinary rules of contract construction to insurance
policies, the reviewing court ascertains the parties’ intent by looking only to
the four corners of the policy to see what is actually stated and does not
consider what was allegedly meant.
Fiess
v. State Farm Lloyds, 202 S.W.3d 744, 747 (Tex. 2006);
Williams Consolidated I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co., 230
S.W.3d 895, 902 (Tex. App.CHouston [14th Dist.]
2007, no pet).  When, as in this case, the claim involves a standard-form
insurance policy approved by a state regulatory agency, we determine the
meaning of undefined terms in the policy based upon the everyday meaning of the
words to the general public.  See Fiess, 202 S.W.3d at 746; Progressive
Cty. Mut. Ins. Co. v. Sink, 107 S.W.3d 547, 551 (Tex. 2003).

If a court can ascertain only one
reasonable meaning of the policy provision, the insurance contract is not
ambiguous, and the court will enforce it as written. See
Fiess, 202 S.W.3d at 746; State Farm Fire & Cas.
Co. v. Vaughan, 968 S.W.2d 931, 933 (Tex. 1998).  But, when words in a policy
are susceptible to more than one reasonable interpretation, the contract is
deemed ambiguous.  See Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980
S.W.2d 462, 464 (Tex. 1998).  

            In
the case under review, the parties disagree as to the construction of the
following policy language:  “persons or organizations who may be legally
responsible.”  Melancon construes this language to mean “persons or
organizations who are legally responsible.”  In this context, we
conclude that the only reasonable meaning of “persons or organizations who may
be legally responsible” is persons or organizations who might be legally
responsible for the insured’s damages.  See Nalle v. Taco Bell Corp.,
914 S.W.2d 685, 687 (Tex. App.—Austin 1996, writ denied) (stating that “may” means
possibility, permission, liberty, or power rather than indicating a mandatory
requirement); Simms v. Lakewood Village Property Owners Ass’n, Inc., 895
S.W.2d 779, 783–84 (Tex. App.—Corpus Christi 1995, no writ) (stating that “may”
means “have the ability to,” “be free,” or indicating “possibility or
probability” and, unless the context indicates otherwise, is not treated as “a
word of command”).  In the case under review, Garcia, Lane Freight, and Sholes fall
within this category.  The jury found that Melancon’s damages are $168,800,
which is less than $190,012, the amount paid to Melancon by Garcia, Lane
Freight, and Sholes for such damages.  Therefore, under the unambiguous
language of the insurance policy, State Farm’s liability under the UIM Coverage
is zero.[1] 
See Marley v. Allstate Ins. Co., No. 01-04-00174-CV, 2006 WL 1098946, at
*2–3 (Tex. App.—Houston [1st Dist.] Apr. 27, 2006, no pet.) (mem. op.) (holding
insurer’s liability under same policy provision was zero).  

            Melancon
relies upon the Supreme Court of Texas’s opinion in Henson v. Southern Farm
Bureau Casualty Insurance Company.  See 17 S.W.3d 652, 654 (Tex. 2000). 
But in Henson, there was no settlement by a party other than the driver
of the allegedly underinsured vehicle, and the Henson court did not
construe or apply the limit-of-liability provision at issue in the case under
review.  See id. at 653–54.  Henson is not on point.

            Melancon
also asserts that the following statute precludes State Farm from reducing its
liability based upon settlements by parties other than the driver of the
allegedly underinsured vehicle:

Underinsured
motorist coverage must provide for payment to the insured of all amounts that
the insured is legally entitled to recover as damages from owners or operators
of underinsured motor vehicles because of bodily injury or property damage, not
to exceed the limit specified in the insurance policy, and reduced by the
amount recovered or recoverable from the insurer of the underinsured motor
vehicle.

 

Tex. Ins. Code Ann. § 1952.106 (West
2009).  Melancon relies upon the reference in this statute to deductions based
upon settlement of the claim against the driver of the allegedly underinsured
vehicle and the lack of a reference to deductions for any other settlements.  But,
in this statute the legislature did not state that third-party settlements
should not be considered in determining the amount of UIM Coverage.  Under this
statute, underinsured motorist coverage must
provide for payment to the insured of all amounts that the insured is legally
entitled to recover as damages from owners or operators of underinsured motor
vehicles because of bodily injury or property damage.  See id.  Under
Civil Practice and Remedies Code section 33.012(b), in determining the amount
that an insured is legally entitled to recover from the driver or owner of an
underinsured vehicle, the court deducts the sum of all settlements, including
third-party settlements.  See Tex.
Civ. Prac. & Rem. Code Ann. § 33.012(b) (West 2008)
(stating that “[i]f the claimant has settled with one
or more persons, the court shall further reduce the amount of damages to be
recovered by the claimant with respect to a cause of action by the sum of the
dollar amounts of all settlements”).  Thus, if an insured obtains
third-party settlements in excess of the amount of the insured’s damages, the
insured is not legally entitled to recover
any damages from the owners or operators of underinsured motor vehicles.[2] 
We
conclude that this statute does not preclude the enforcement of the
limit-of-liability provision in the insurance policy.  

            Melancon also argues that allowing the settlement by Garcia
and Lane Freight to reduce State Farm’s liability under the UIM Coverage is
contrary to Franco v. Allstate Insurance
Company.  See 505 S.W.2d 789, 792 (Tex.
1974) (holding that claim for UIM benefits is governed by contract statute of
limitations and stating that “the phrase ‘legally entitled
to recover’ has been interpreted to mean simply that the insured must be able
to show fault on the part of the uninsured motorist and the extent of the
resulting damages”).  Melancon also relies upon other cases stating that procedural
defenses that would be available to the driver of the
allegedly uninsured or underinsured vehicle do not bar recovery
from the insurer.  These cases are not on point because this court is not
applying a procedural defense to bar Melancon from recovering against State
Farm.[3] 

We conclude that Melancon’s sole issue and the arguments he
asserts under it lack merit.
[4] 
Accordingly, we overrule his issue and affirm the
trial court’s judgment.[5] 


 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.









[1] Melancon
relies upon Holter v. Employers Mut. Fire Ins. Co., 520 S.W.2d 435 (Tex.
Civ. App.—Houston [14th Dist.] 1975, no writ).  Holter dealt with an
insurance policy that contained a materially different limit-of-liability
provision and a situation in which the drivers of the other two vehicles were
found jointly and severally liable.  See id. at 436–37.  Holter
is not on point.





[2]  Melancon
also relies upon Texas Insurance Code section 1952.108.  See Tex. Ins. Code Ann. § 1952.108 (West
2009).  But this statute does not address an insurer’s liability to pay an
insured; rather, it addresses an insurer’s subrogation rights after it pays an insured. 
See id.  





[3] Melancon
also argues that State Farm judicially admitted in its answer that State Farm
is only entitled to credit for amounts paid by those who are found
“responsible” for Melancon’s  injuries.  We conclude that State Farm’s answer
does not contain such a judicial admission.    





[4] We need not
and do not address whether State Farm can invoke the “one satisfaction” rule. 





[5] Melancon
asks that we reverse the trial court’s judgment as to his extra-contractual
claims against State Farm, but Melancon makes no argument for doing so in the
event this court affirms the trial court’s judgment as to his
breach-of-contract claim.