CCA Case No. PD-1221-15
COA No. 05-13-01199-CR

PETER PHUC HONG TRAN      §      IN THE COURT OF

VS.                       §      CRIMINAL APPEALS OF TEXAS

THE STATE OF TEXAS        §      AT AUSTIN, TEXAS

**APPELLANT'S PRO SE MOTION FOR LEAVE FOR THE EN BANC COURT TO CONSIDER
RELIEF OF EITHER GRANTING AN ADDITONAL EXTENSION OF TIME TO FILE
PRO SE PDRS (ATTACHED HERETO), TO CONISDER PRIORLY FILED MOTION FOR
EXTENSION OF TIME AS TIMELY FILED PDR, OR FOR THE COURT TO GRANT
REVIEW ON ITS OWN MOTION (AND ORDER STAY OF COA MANDATE)**

FILED IN
COURT OF CRIMINAL APPEALS

DEC 07 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGES OF THIS EN BANC COURT:

This Court has jursidiction to grant review, on its own motion,
anytime prior to the court of appeals mandate being issued. See,
Tex. R. App. Proc., 66.1, 67.1. In his priorly filed motion
for extension of time Appellant, Peter Tran, listed some possible
grounds for review. For example, in this case, the 5th District
Court of Appeals explictly refused to consider evidence favorable
to Appellant due to the court's duty in sufficiency of the evidence
reviews, to view the evidence in the light most favorable to
the verdict. See, Tran v. State, No. 05-13-01199-CR, Slip Op.
p. 9-10 (Tex.App. - Dallas August 12, 2015)(not designated for
publication). The confusion about whether an appellate court
may consider evidence favorable to the defendant in sufficiency
reviews has been documented, Temple v. State, 343 S.W.3d 570,
623-633 (Tex.App. - Houston [14th Dist] 2010, aff'm 390 S.W.3d 341)
(McCally, J., dissenting to denial of en banc reconsideration)(citing
Redwine v. State, 305 S.W.3d 360, 366 n.11 & n.12 (Tex.App. -
Houston[14th Dist] 2010, pet ref'd); and, the Hooper hypothetical
itself considered exculpatory evidence when evaluating the combined
and cumlative weight of all the evidence. See, Hooper v. State,
214 S.W.3d 9, 16 (Tex.Crim.App.2007). Additionally, the 5th

District Court of Appeals considered that the "motive" of a robbery supported the verdict, even when the Jury's verdict in this case rejected the capital murder charge, which was a murder in the course of a robbery. See, Tran, No. 05-13-01199-CR, p. 9, cf. p. 1 n.1. Sufficiency of the evidence reviews are concerned about whether the finder of fact acted rationally and it would be irrational for any reasonable jury to reject that the murder was committed in the course of a robbery, only to turn around and use motive of robbery in order to find appellant guilty of the lesser-included offense of murder. See i.e., Grey v. State, 298 S.W.3d 644, 649 (Tex.Crim.App.2009)(concerning lesser-incldued offense instructions acknowledging both that a verdict on the lesser-included offense operates as an aquittal to the charged offense and that normally a court must evaluate the rationality of the lesser offense, not in isolation, but in comparison to the greater offense). In the end, the circumstanetial evidence in this case consisted only of "post-offense conduct" and nothing in the record links Tran to any specific act against Nguyen, the deseased. See, Gross v. State, 380 S.W.3d 181, 186, 188 (Tex.Crim.App.2012)(law of parties murder case), Winfrey v. State, 393 S.W.3d 763, 772 (Tex.Crim.App.2013)(the evidence did "not reveal any action on her part to actually kill Burr..."), Solis v. State, 589 S.W.2d 444, 447 (Tex.Crim.App.1979)("behavior after the removal of the screen was sufficiency inexplicable that reasonable doubt remains as to what his specific criminal intentions actually were.") Review should be granted in this case.

Tran has priorly requested an extension of time to file his PRO SE PDR. Tran incorrectly thought the extension was granted

until Novemeber 30, 2015. However, Tran no longer has the postcard notice of the deadline sent to him by this Court. On Novemeber 23, 2015, as Tran was finalizing his PRO SE PDR, he had someone look-up his case on this Court's website in order to obtain the casue number assigned to his PDR. At that time, for the first time, Tran learned that his PDR was due on November 10, 2015. Tran requests an additional extension of time until November 30, 2015, the date Tran has verified that he placed his PDR in the prison mail system for mailing to this Court. EXHIBIT "A" - PDR; See, Campbell v. State, 320 S.W.3d 338 (Tex.Crim.App.2010)(prison mailbox rule).

If the Court is uncomfortable granting an additional extension of time, in his priorly filed motion for extension of time Tran listed some possible grounds for review. Thus, Tran would request that this Court consider that priorly filed motion for extension of time as his timely filed PRO SE PDR.

In the alternative, Tran request that any individual Judge of this Court ORDER a STAY of the court of appeals mandate so that the Court may consider whether to grant review on its own motion. See, Tex. R. App. Proc., 67.2.

Tran has no excuse for missing the due date, other than simply misreading the Court's notice. Tran is not attempting to delay these proceedings nor to obstruct this Court's activities in any manner. It was a simple mistake and Tran asks that, in the interest of justice, the COurt grant some form of relief.

## PRAYER

WHEREFORE, ALL CONSIDERED, PETER PHUC HONG TRAN, the Appellant, acting PRO SE, PRAYS this Honorable Court GRANT this motion in ALL things and that after consideration by the EN BANC Court the Court ORDER either:

1)    an additional extension of time so that the attached PRO SE PDR is considered timely filed;

2)    that the priorly filed motion for extension of time be construed as Appellant's PRO SE PDR and timely filed;

3)    that any individual Judge of this Court require the court of appeals mandate to be STAYED so that the EN BANC Court may consider whether to grant review on its own motion;

AND, ANY AND ALL OTHER RELIEF THIS COURT FINDS PROPER IN THE INTREST OF JUSTICE.

Respectfully Submitted,

x _____
Peter Phuc Hong Tran
TDCJ No. 1868964
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX  76597

APPELLANT  PRO SE


## VERIFICATION / CERTIFICATE OF SERVICE

I, Peter Phuc Hong Tran, TDCJ No. 1868964, being presently incarcerated in the HUGHES Unit of CORYELL County, Texas (TDCJ-CID), do declare under the penalty of perjury that the facts in this motion are true and correct and that I have caused a copy of this motion to be served by 1st Class USPS on the Collin County District Attorney and the State Prosecuting Attroney on the date executed below by placing it in the prison mail system.

EXECUTED on this the _25_ day of _November_ , 2015.

x _____
Peter Phuc Hong Tran
Appellant PRO SE