Opinion filed December 21, 2017



**In The**

# Eleventh Court of Appeals

_____

## No. 11-15-00286-CV

_____

**ALFRED ELWESS, Appellant**

**V.**

**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY AND FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellees**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1007222**

## O P I N I O N

This appeal concerns the enforcement of the "other insurance" provision in the uninsured/underinsured motorist coverage of two identical automobile insurance policies. Appellant, Alfred Elwess, contends that this policy provision has been invalidated by the Texas Supreme Court. He also contends that it conflicts with the applicable statute in the Texas Insurance Code pertaining to underinsured motorist coverage. *See* TEX. INS. CODE ANN. § 1952.106 (West 2009).

The parties submitted their dispute to the trial court on an agreed set of facts after we reversed and remanded a summary judgment entered in favor of Appellees, Farm Bureau County Mutual Insurance Company of Texas and Texas Farm Bureau Mutual Insurance Company. *See Elwess v. Farm Bureau Cty. Mut. Ins. Co. of Tex.*, No. 11-12-00339-CV, 2014 WL 6755662 (Tex. App.—Eastland Nov. 26, 2014, no pet.) (mem. op.). The trial court disagreed with Appellant's position by entering judgment for the insurance companies. Appellant challenges the trial court's judgment in a single issue. We affirm.

*Background Facts*

Appellant was employed by Glendell P. "Pete" Gipson. Appellant was driving a truck owned by Gipson in the course and scope of his employment when he was broadsided by a vehicle driven by Carlos Molina. The collision caused the truck to overturn, and it landed on its side. Appellant hung from his seatbelt until he was able to free himself. He suffered a torn rotator cuff as a result of the accident.

Molina personally did not have an automobile insurance policy. However, the vehicle that he was driving was owned by Khoun Rattana, and Rattana had an insurance policy with Affirmative Insurance Company (AIC). Appellant settled with AIC for the liability policy limit of $25,000. The truck that Appellant was driving was insured by Northland Insurance Company. Appellant obtained a settlement of $70,000 from Northland under the underinsured motorist coverage provided by that policy. Appellant also received $2,505 in personal injury protection benefits under the Northland policy.

Appellant had two insurance policies with Appellees, each of which provided uninsured/underinsured motorist coverage with $50,000 policy limits per person for bodily injury. Appellant filed the underlying suit against Appellees seeking to recover under the underinsured motorist coverage provided by the Farm Bureau policies. Appellees asserted that Appellant was not entitled to collect any additional

2

sums under either of the Farm Bureau policies based upon the "other insurance" provision in the policies and the recoveries he obtained under the AIC and Northland policies.

After we reversed and remanded the summary judgment initially obtained by Appellees, the parties entered into a mediated partial settlement agreement. Under the terms of the partial settlement agreement, the parties stipulated that Molina was negligent and that his negligence was a proximate cause of Appellant's injuries and damages. The parties additionally stipulated that Appellant's total damages as a result of the accident were $77,505. The sole issue remaining to be determined was whether Appellant could recover under the Farm Bureau policies' underinsured motorist coverage after he received the settlements from AIC and Northland. The trial court ruled in favor of Appellees by entering judgment that Appellant was not entitled to any additional recoveries under either of the Farm Bureau policies.

*Analysis*

Appellant sued Appellees for breach of the underinsured motorist coverage provided by Appellees' insurance policies. Ordinarily, we interpret insurance policies according to the rules of contractual construction. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). The underinsured motorist coverage of the policies issued by Appellees contained a provision that states as follows:

**OTHER INSURANCE**

> A. If there is other applicable similar insurance **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** Limit of Liability bears to the total of all applicable limits. However, any insurance **we** provide with a respect to a vehicle **you** do not own shall be excess over any other collectible insurance.

There is no dispute that Appellant would not be entitled to an additional payment under this policy if this provision is enforced as written. Specifically, the last sentence of the provision specifies that the uninsured/underinsured motorist

3

coverage provided by Appellees is "excess" with respect to vehicles that the insured does not own.

Appellant contends that the "other insurance" provision has been held to be invalid in all circumstances because it contravenes the purpose of uninsured/underinsured motorist coverage as established by the Insurance Code. Appellant also asserts that Appellees' application of the policy violates the express terms of Section 1952.106. Policy provisions that are inconsistent with express statutory requirements or purposes are invalid. *See Mid–Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 271–72 (Tex. 1999).

Appellant relies on two Texas Supreme Court cases to support his argument that the "other insurance" provision is invalid. *American Liberty Insurance Co. v. Ranzau* involved a claim for uninsured motorist coverage. 481 S.W.2d 793, 794 (Tex. 1972). The claimant suffered personal injury damages of $50,000 while a passenger in another person's vehicle. *Id.* The tortfeasor was uninsured. *Id.* The owner of the vehicle in which the claimant was riding had $10,000 in uninsured motorist coverage. *Id.* After receiving $10,000 under the vehicle owner's policy, the claimant sought to recover from her own insurance company, American Liberty, under the uninsured coverage provided by the American Liberty policy. *Id.* American Liberty asserted that the "other insurance" provision in its policy precluded the claimant from any additional recovery because its policy only provided $10,000 in uninsured motorist coverage and the claimant had already recovered that sum under the vehicle owner's policy. *Id.* at 796. Relying upon a provision of the Insurance Code, the Texas Supreme Court invalidated American Liberty's attempted application of the "other insurance" provision because it precluded the claimant from recovering the "actual damages caused by an uninsured

4

motorist."[1]  *Id.* at 797.  Thus, *Ranzau* invalidated the "other insurance" provision "insofar as such a clause would operate to limit insureds' recoveries to the statutory minimums for one policy."  *Francis v. Int'l Serv. Ins. Co.*, 546 S.W.2d 57, 60 (Tex. 1976) (discussing *Ranzau*).

*Stracener v. United Services Automobile Association* involved two consolidated cases concerning how the underinsured status of a tortfeasor is to be determined.  777 S.W.2d 378, 380–81 (Tex. 1989).  In both cases, USAA issued policies providing underinsured motorist coverage.  *Id.*  USAA asserted that underinsured motorist protection under any given policy is not applicable whenever the amount of liability insurance proceeds available from a tortfeasor exceeds the limits of that policy's underinsured motorist coverage for the injured victim.  *Id.* at 381.  Under USAA's interpretation, even though a claimant may have suffered damages of $100,000, if the claimant only had $15,000 in underinsured motorist coverage, the claimant would not be entitled to recover under the underinsured motorist coverage if the tortfeasor had $15,000 in liability coverage.  *Id.*  Relying upon the Insurance Code, the court held in *Stracener* that "a negligent party is underinsured whenever the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages."  *Id.* at 380.

Appellant essentially asserts that the "other insurance" provision is invalid in all circumstances under *Ranzau* and *Stracener*.  We disagree with this proposition. The holdings in *Ranzau* and *Stracener* reflect that there are instances when an application of the "other insurance" provision contravenes the purpose of uninsured/underinsured motorist coverage.  These instances occur if the "other insurance" provision prevents the claimant from recovering the actual damages

---

[1]The court in *Ranzau* relied upon the predecessor statute to TEX. INS. CODE ANN. § 1952.101 (West 2009).

caused by an uninsured/underinsured motorist.  *See Stracener*, 777 S.W.2d at 380; *Ranzau*, 481 S.W.2d at 798.

Appellees' application of the "other insurance" provision in this case does not involve a situation like those in *Ranzau* and *Stracener* because it does not prevent Appellant from recovering his actual damages caused by Molina.  The parties stipulated that Appellant's total damages as a result of the accident were $77,505.  Appellant has recovered in excess of that amount from the available insurance policies providing coverage for the accident.  Thus, Appellees' application of the "other insurance" provision does not prevent Appellant from being made whole as measured by the actual damages he sustained.  Accordingly, the "other insurance" provision, as applied to the facts of this case, is not invalid under *Stracener* and *Ranzau*.

Appellant also asserts that the "other insurance" provision violates the express terms of Section 1952.106 of the Texas Insurance Code.  Section 1952.106 provides as follows:

> Underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, *and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle*.

INS. § 1952.106 (emphasis added).  Relying upon the italicized portion of the statute, Appellant asserts that the statute prohibits Appellees from relying on the $70,000 payment made under the underinsured motorist coverage provided by the Northland policy to determine if Molina was underinsured.  Appellant contends that Molina's status as an underinsured motorist is only to be determined by the liability policy limit of the policy covering Molina.  Accordingly, Appellant contends that he is entitled to recover the policy limits ($50,000) under each of the Farm Bureau policies

because his total damages from the accident were $77,505, and Molina only had liability coverage of $25,000. With respect to seeking payment under both policies issued by Appellees, Appellant argued at trial that, "if you buy five life insurance policies, you get paid five times."

Statutory interpretation is a matter involving a question of law that we review de novo. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016). Our fundamental goal when reading a statute "is to ascertain and give effect to the Legislature's intent." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). To do this, we look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied or is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014).

We disagree with Appellant's interpretation of the statute. The first portion of the statute provides that "[u]nderinsured motorist coverage must provide for payment to the insured of all amounts *that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles* because of bodily injury or property damage." INS. § 1952.106 (emphasis added). This portion of the statute sets out the purpose of uninsured/underinsured motorist coverage—to provide an insured with insurance coverage to facilitate his recovery of all amounts that the insured is legally entitled to recover as damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury or property damage. *See Farmers Tex. Cty. Mut. Ins. Co. v. Okelberry*, 525 S.W.3d 786, 790 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing Section 1952.106); *Melancon v. State Farm Mut. Auto. Ins. Co.*, 343 S.W.3d 567, 570 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The remaining portion of the statute sets out the limitations on the insurer's liability under the policy's coverage. The insurer's

7

maximum liability under the coverage is the amount of uninsured/underinsured coverage that the insured has purchased. In the instance of an underinsured motorist, the last portion of the statute permits the insurer to reduce its coverage by the amount of liability coverage recoverable from the tortfeasor.

Appellant is asserting that he is entitled to recover underinsured motorist coverage benefits in excess of his actual loss as a result of the accident. However, neither the Farm Bureau policies nor Section 1952.106 provides for a recovery of uninsured/underinsured motorist coverage benefits in excess of the insured's actual loss. Specifically, the Farm Bureau policies limit the uninsured/underinsured motorist coverage to the insured's damages that he is "legally entitled to recover from the owner or operator of an [underinsured] motor vehicle." Another provision of the policies limits the uninsured/underinsured motorist coverage to the insured's "actual damages sustained."

In summary, the express purpose of underinsured motorist coverage is to compensate the insured for his actual damages. INS. § 1952.106; *see Stracener*, 777 S.W.2d at 380; *Ranzau*, 481 S.W.2d at 798. Section 1952.106 does not provide for a windfall to the insured in situations where he has been made whole under other insurance policies. Accordingly, we conclude that the "other insurance" provision of the Farm Bureau policies is enforceable. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


                                                                JOHN M. BAILEY

December 21, 2017                                               JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

8